# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DEREK W. CORNELIUS and SYNTRAX INNOVATIONS, INC. | CIV. ACTION NO. _____ |
| Plaintiffs, | STATE COURT NO. 0822-CC09269 |
| v. | JURY TRIAL DEMANDED |
| RYAN DELUCA d/b/a BODYBUILDING.COM; BRYNA MATTHEWS DELUCA d/b/a BODYBUILDING.COM; BODYBUILDING.COM, LLC; MOLECULAR NUTRITION, LLC; M.A.N. SPORTS, INC.; DESIGNER SUPPLEMENTS, INC.; GASPARI NUTRITION, INC; THERMOLIFE INTERNATIONAL, LLC; SCIENTIFICALLY ADVANCED NUTRITION; UNIQUE NUTRITION, INC; ENGINEERED SPORTS TECHNOLOGY, LLC; PALO ALTO LABS; SNS NUTRITION; BODYWELL NUTRITION, LLC; ISS RESEARCH; ERGOPHARM, INC.; BETANCOURT NUTRITION, INC; and NIMBUS NUTRITION, LLC, | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants Ryan DeLuca, d/b/a Bodybuilding.com, Bryna Matthews DeLuca d/b/a Bodybuilding.com, and Bodybuilding.com, LLC (collectively "Removing Defendants"[1]), by and through their undersigned counsel hereby Remove the action captioned *Derek W. Cornelius*, *et*

---

[1] All other Defendants are hereinafter referred to as "Co-Defendants."

-2-

*al. v. Ryan DeLuca d/b/a Bodybuilding.com*, *et al.*, Cause No. 0822-cc-09269, pending in the Circuit Court of the City of St. Louis, State of Missouri (the "Missouri State Action"), to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof aver as follows:

## BACKGROUND

1. On or about October 20, 2008, Plaintiffs Derek W. Cornelius and Syntrax Innovations, Inc. ("Plaintiffs") commenced the Missouri State Action by filing a Petition for Damages against Removing Defendants and all Co-Defendants except Ergopharm, Inc., Betancourt Nutrition, Inc., and Nimbus Nutrition, LLC. (A true and correct copy of Plaintiffs' original Petition for Damages in the Missouri State Action is attached as Ex. 1.)

2. Removing Defendants were served a copies of an <u>Amended</u> Petition for Damages on November 3, 2008.[2] (A true and correct copy of Plaintiffs' Amended Petition for Damages in the Missouri State Action is attached as Ex. 2.)

3. In the Amended Petition, Plaintiffs alleged counts of Libel and Tortious Interference with Prospective Economic Advantage against each Co-Defendant (but not against Removing Defendants). *See* Ex. 2 ¶¶ 29-46, 47-69, 70-90, 91-109, 110-29, 130-46, 147-64, 165-82, 183-205, 206-24, 225-42, 243-60, 261-79, 280-98, 299-317. Plaintiffs additionally alleged counts of Civil Conspiracy against both each Co-Defendant and each Removing Defendant. *See id.* ¶¶ 318-24.

---

[2] The Removing Defendants were never served a copy of the initial Petition or with any pleading or process until November 3, 2008, when they received copies of Plaintiffs' <u>Amended</u> Petition for Damages and Summons. The Amended Petition adds as Co-Defendants Ergopharm, Inc., Betancourt Nutrition, Inc., and Nimbus Nutrition, LLC. *See* Ex. 2.

## JURISDICTION

4.  This Court has subject matter jurisdiction over this action pursuant to both 28 U.S.C. § 1331 and 1332 because this is a civil action that, respectively: (A) arises under the laws of the United States; and (B) exists between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

**A.     Federal Question Jurisdiction**

5.  In the Missouri State Action, Plaintiffs accuse Removing Defendants and Co-Defendants of engaging in a Civil Conspiracy to commit Libel and Tortious Interference with Prospective Economic Advantage. Ex. 2 ¶¶ 318-24.

6.  Plaintiffs do not allege, however, that Removing Defendants have committed or are committing Libel, Tortious Interference With Prospective Economic Advantage, or any violation of the law other than Civil Conspiracy. Plaintiffs' allegations of Civil Conspiracy against Defendants, in turn, are grounded wholly on the allegation that libelous statements were made on www.bodybuilding.com, an Internet website allegedly operated by Defendants—in other words, wholly on their alleged status as providers of an interactive computer service under 47 U.S.C. § 230. *See id.* ¶ 22; *see also See Tabor v. Wiley*, No. C01-1002 MJM, 2001 U.S. Dist. LEXIS 10445, *6-7 (N.D. Iowa May 3, 2001).

7.  Title 47, U.S. Code, Section 230 immunizes providers of interactive computer service from any liability inhering from information published or spoken by another information content providers, s*ee* 47 U.S.C. § 230(c), and completely preempts any cause of action under any State or local law that is inconsistent with that section. *See id.* § 230(e)(3).

8.  Although a case normally cannot be removed to Federal Court on the basis of a Federal defense such as the one provided under Section 230(c), *see Caterpillar*, *Inc. v. Williams*, 482 U.S. 386, 393 (1987), removal on such grounds is proper when Federal Law completely

preempts a plaintiff's claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Removing Defendants' planned invocation of Section 230(c) immunity completely preempts Plaintiffs' Civil Conspiracy claims against Removing Defendants. Accordingly, Jurisdiction is properly vested in this Court on Federal Question grounds.

**B.      Diversity Jurisdiction**

**Citizenship**

9.     Plaintiff Derek W. Cornelius is a resident of the County of Cape Girardeau, State of Missouri and is citizen of Missouri. *See* Ex. 2 ¶ 1.

10.    Plaintiff Syntrax Innovations, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in the County of Cape Girardeau, State of Missouri. *See id.* ¶ 2. Syntrax Innovations, Inc. therefore is a citizen of Delaware and Missouri. *See* 28 U.S.C. § 1332(c)(1).

11.    Defendants Ryan DeLuca d/b/a Bodybuilding.com and Bryna Matthews DeLuca are citizens of the State of Idaho. *See* Ex. 4-a ¶ 2 (Nov. 10, 2008 Decl. of Removing Def. Ryan DeLuca); Ex. 4-b ¶ 2 (Nov. 10, 2008 Decl. of Removing Def. Bryna Matthews DeLuca.)

12.    Defendant Bodybuilding.com, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Idaho. *See* Ex. 4-a ¶¶ 3, 19-21; Ex. 4-b ¶ 18; *see also* Ex. 5 at 3 # 6 (Idaho Secretary of State Records re: Bodybuilding.com, LLC). Each of the two members of Bodybulding.com, LLC— Ryan DeLuca and Jeremy DeLuca—is a citizen of the State of Idaho. *See* Ex. 5 at 5. Thus, Defendant Bodybuilding.com, LLC, is therefore a citizen of Idaho and only Idaho. *See OnePoint Solutions*, *LLC v. Borchert*, 486 F.3d 342, 347 & n.4 (8th Cir. 2007) (an LLC is a citizen of each state in which its members are citizens, notwithstanding its state of organization).

-5-

13. Upon information and belief, no Co-Defendant is a citizen of Missouri or Delaware. Indeed, Plaintiffs provide service information for each of the co-Defendants locating none of them in either Missouri or Delaware. *See generally* Exs. 1, and 2; *see also* Ex. 7 (summonses on file with the Circuit Court of the City of St. Louis, State of Missouri).

14. Because Plaintiffs are citizens only of the States of Delaware and Missouri, no Plaintiff is a citizen of the same State as any Removing Defendant or Co-Defendant. Complete diversity of citizenship thus exists in this action. *See generally* 28 U.S.C. § 1332, 1441(b).

**Amount in Controversy**

15. Plaintiffs appear to be related to or affiliated with SI03, Inc. ("SI03"), a manufacturer and marketer of Syntax brand products. *See* Complaint ¶ 51, *SI03, Inc. v. John Does 1-31, et al.*, No. 1:07-cv-3266 (N.D. Ill. filed June 11, 2007) (Dkt. No. 1) (attached as Ex. 6). On or about June 11, 2007, SI03, Inc. filed a Complaint against John Does 1-31 and Doe Companies 1-5 in an action captioned *SI03, Inc. v. John Does 1-31, et al.*, No. 1:07-cv-3266, pending in the United States District Court for the Northern District of Illinois (hereinafter the "Illinois Federal Action"), alleging injury based on purported defamatory statements posted on the website www.bodybuilding.com regarding SI03, Inc. and the Syntrax brand. *See generally id.* & ¶¶ 61-62.

16. SI03, Inc. alleged in the Illinois Federal Action that the amount in controversy exceeds $75,000. *Id.* ¶ 41.

17. After SI03, Inc. issued subpoenas and conducted other discovery in the District of Idaho to obtain the identities of "competitor-affiliated" anonymous posters on the www.bodybuilding.com website, Plaintiffs filed the separate, underlying Missouri State Action, alleging injury from the same purported libelous statements for which SI03's Illinois Federal

Action alleges injury, and based on substantively identical operative facts. *Compare* Exs. 1 and 2 *with* Ex. 6.

18.  In addition to praying judgment against each Defendant and Co-Defendant in a sum that exceeds $25,000, Plaintiffs seek an award of Punitive Damages against each Removing Defendant and Co-Defendant for each claim alleged. *See generally* Exs. 1 and 2. Punitive damages are included in the calculation of amount in controversy. *See Bell v. Preferred Life Assurance Soc.*, 320 U.S. 238, 240 (1943); *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

19.  Given the allegations set forth above, the matter in controversy in this action clearly exceeds $75,000, exclusive of interest and costs, and whether the amount in controversy is viewed from the perspective of the Plaintiffs or the Defendants.

**CONFORMITY WITH PROCEDURAL REQUIREMENTS**

20.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1332. *See supra*, ¶¶ 11-20.

21.  This Notice of Removal is timely under 28 U.S.C. § 1446(b), having been filed within thirty (30) days after Removing Defendants' receipt of service of the Missouri State Action Petition for Damages on November 3, 2008, from which Petition it was first ascertained that this case is or has become removable, and simultaneous receipt of service of summons.

22.  The official court records for the Missouri State Action do not reflect that any Co-Defendant has been served. (A true and correct copy of the Circuit Court of the City of St. Louis, State of Missouri's online docket report for the Missouri State Action is attached as Ex. 3.) Thus, Co-Defendants' consent to removal is not required to effectuate removal. *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005).

23. The United States District Court for the Eastern District of Missouri is the Federal Judicial District encompassing the Circuit Court of the City of St. Louis, State of Missouri, where this suit was originally filed. Venue therefore is proper in this District under 28 U.S.C. § 1441(a).

24. The Eastern Division of the Eastern District of Missouri is the Division that "embrac[es] the place where [the Missouri State Action] is pending." *See* 28 U.S.C. § 1441(a), 1446(a); E.D. Mo. L.R. 2.07(A)(1) (City of St. Louis falls within the Eastern Division).

25. Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L.R. 2.03, the following documents constitute the Complete File from the Missouri State Action (including all of the process, pleadings, and orders):[3]

    a. Petition for Damages (attached as Ex. 1);

    b. Amended Petition for Damages (including cover memorandum to the Clerk of the Circuit Court of the City of St. Louis, State of Missouri) (attached as Ex. 2);

    c. Summons issued to Removing Defendants and Co-Defendants and related documents, including a November 4, 2008 cover letter to Clerk of the Circuit Court attaching Applications for Summons to be issued to Co-Defendants Ergopharm, Inc., Betancourt Nutrition, Inc., and Nimbus Nutrition, LLC (all attached as Ex. 7);

    c. Online Docket Report (attached as Ex. 3;

---

[3] Plaintiffs have not filed any Return of Service in the Missouri State Action. *See generally* Ex. 3.

      d.    Collectively, and pursuant to Local Rule 2.03, the documents comprising Exhibits 1, 2 and 7 consist of all the documents on file in the State Court.

26. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file with the Clerk of the Circuit Court of the City of St. Louis, State of Missouri, Notice to State Court Clerk of Filing of Notice of Removal, and will promptly serve on Plaintiffs' Counsel a Notice to Plaintiffs of Filing of Notice of Removal (each such Notice of Filing attaching a true and correct copy of this Notice of Removal and all exhibits thereto). Moreover, Pursuant to E.D. Mo. L.R. 2.03(3) and the Court's Removal Case Check List, Defendants will file with this Court:

      a.    the Notice of Filing directed to Plaintiffs, and proof of service thereof;

      b.    the Notice of Filing directed to the Clerk of the Circuit Court of the City of St. Louis, State of Missouri, and proof of filing thereof.

27. Pursuant to E.D. Mo. L.R. 2.02(A), 2.03(5), and 2.09, and in accordance with Fed. R. Civ. P. 7.1, concurrently with this Notice of Removal Defendants are also filing (a) a Civil Cover Sheet, (b) an Original Filing Form, and (c) a Disclosure of Corporation Interests Certificate for Defendant Bodybuilding.com, LLC.

28. For the foregoing reasons, removal of the Missouri State Action is warranted under 28 U.S.C. § 1441.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of the City of St. Louis, State of Missouri to the United States District Court for the Eastern District of Missouri.

                                    Respectfully submitted,

                                    HUSCH BLACKWELL SANDERS LLP

                                    /s/ R. Prescott Sifton, Jr.

Dated:  December 2, 2008        By: _____

                                    Gary A. Pierson II, # 511498

OF COUNSEL:                        R. Prescott Sifton, Jr., # 92040

                                    720 Olive Street, Suite 2400

M. Kelly Tillery*                    St. Louis, Missouri 63101

PEPPER HAMILTON LLP       (314) 345-6000 – telephone

3000 Two Logan Square        (314) 345-6060 – facsimile

18th and Arch Streets            Gary.pierson@huschblackwell.com

Philadelphia, Pennsylvania 19103  Scott.sifton@huschblackwell.com

(215) 981-4000 – telephone

(215) 981-4750 – facsimile       *Attorneys for Defendants Ryan DeLuca, d/b/a*

tilleryk@pepperlaw.com           *Bodybuilding.com, Bryna Matthews DeLuca*

                                    *d/b/a Bodybuilding.com, and*

(* *Pro hac vice* motion pending)   *Bodybuilding.com, LLC*


## CERTIFICATE OF SERVICE

      I hereby certify that on December 2, 2008, a true and correct copy of the foregoing

Notice of Removal was served via First Class Mail, postage prepaid upon the following:

Jonathan E. Fortman
Law Office of Jonathan E. Fortman, LLC
910 S. Florissant Rd.
St. Louis, Missouri 63135
(314) 522-2312
fortmanlaw@sbcglobal.net

*Attorneys for Plaintiffs Derek W. Cornelius*
 *and Syntrax Innovations, Inc.*


                                           /s/ R. Prescott Sifton, Jr.
                                                Attorney