UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEREK W. CORNELIUS, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09cv72 SNLJ |
| ) | |
| RYAN DELUCA d/b/a ) | |
| BODYBUILDING.COM, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Molecular Nutrition, LLC's motion to dismiss (#11), filed December 22, 2008. Plaintiffs filed a response (#17) on January 1, 2009. Defendant then filed a reply (#18) on January 16, 2009.

**I. Statement of the Case**

This case was originally filed in the Circuit Court for the City of St. Louis, on October 31, 2008, against Molecular Nutrition, LLC, M.A.N. Sports, Inc., Designer Supplements, Inc., Gaspari Nutrition, Inc. Thermolife International, LLC, Scientifically Advanced Nutrition, Unique Nutrition, Inc., Engineered Sports Technology, LLC, Palo Alto Labs, SSN Nutrition, Bodywell Nutrition, LLC, ISS Research, Ergopharm, Inc., Betancourt Nutrition, Inc., and Nimbus Nutrition, LLC, alleging that each had posted libelous statements about the plaintiffs and tortuously interfered with plaintiffs' business expectancies. Additionally, plaintiffs alleged that Ryan DeLuca, d/b/a bodybuilding.com, Bryna Matthews DeLuca, d/b/a bodybuilding.com, and Bodybuidling.com were engaged in a Civil Conspiracy with the other named defendants to post libelous statements and to tortuously interfere with plaintiffs' business expectancies. The case was removed to this Court on December 2, 2008.

In their complaint, plaintiffs allege that defendant Molecular Nutrition was a limited liability company organized under the laws of the State of Florida with a principal place of business in the State of Florida. Specifically, plaintiffs claim that Molecular Nutrition committed libel and tortious interference with prospective economic advantage when it made two postings on bodybuilding.com on May 11, 2006, and April 4, 2007. Defendant Molecular Nutrition brings this motion requesting dismissal based on lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and statute of limiations.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations that are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule

2

12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts--not mere conclusions--that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim so that the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to prove one or more claims to the satisfaction of the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n. 8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.") With this plausibility standard in mind, this Court turns to an examination of the plaintiffs' complaint.

### III. Discussion

#### A. Personal Jurisdiction

Defendant Molecular Nutrition alleges it has no contacts with Missouri that would establish either general or specific personal jurisdiction. Plaintiffs do not address defendant's

3

argument that this Court lacks general jurisdiction and thus the discussion will be limited to specific jurisdiction. Specific jurisdiction arises if defendant "purposefully directed" its activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); Lakin v. Prudential Secs., 348 F.3d 704, 707 (8th Cir. 2003). The Eighth Circuit examines five factors in determining whether a defendant's contacts support the exercise of personal jurisdiction; (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action with the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073-74 (8th Cir. 2004).

Defendant Molecular Nutrition's only contact with Missouri is that it allegedly posted statements on a non-resident website that were libelous against the plaintiffs who are Missouri residents. There are no traditional contacts with Missouri. However, the Eighth Circuit has recognized the use of the Zippo test for those cases involving non-resident websites. *See* Lakin v. Prudential Securities, Inc., 348 F.3d 704, 710 (8th Cir. 2003) *citing* Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Pa. 1997). Zippo uses a sliding scale approach with more interactive sites being more likely to establish personal jurisdiction. Id. at 710-11. Zippo, however, focused on jurisdiction over the operators of the site itself. Therefore, in the case at hand, the level of interactivity of bodybuilder.com with its online users is of little help when determining if defendant Molecular submitted to jurisdiction, because any interaction was with bodybuilder.com and its operators rather than defendant Molecular. In contrast, defendant Molecular's allegedly libelous comments were merely passive posts on the bodybuilder.com website.

4

Nonetheless, Plaintiffs advocate the "effects test" recognized by the United States Supreme Court in Calder v. Jones, 465 U.S. 783 (1984), which provides that a Court may exercise jurisdiction over a non-resident defendant in a libel action arising out of conduct that was allegedly calculated to cause injuries to plaintiff in the plaintiff's home state. Under this test, the libel must be expressly aimed at the target state and defendants must be aware "that the brunt of the injury would be felt by [plaintiff] in the state in which [plaintiff] lives or works." Id. at 789-90. The defendant has not replied to this argument, but this Court notes that the Eighth Circuit has applied the "effects test" merely as an additional factor in evaluating personal jurisdiction. *See* Hicklin Eng'g, Inc. v. Aidco, Inc., 959 F.2d 738, 739 (8th Cir. 1992). In any event, plaintiffs did not allege that the libelous statements were expressly aimed at Missouri and that defendants were aware that the effects of their statements would be felt in Missouri. Instead, the only facts and allegations before this Court are that defendants "transacted business within the State of Missouri and published or permitted to be published libelous statements with the State of Missouri." Furthermore, there is nothing to support that defendant ever transacted business in Missouri through the website or otherwise, and the only facts before this Court are that non-resident defendants posted statements about plaintiffs on a non-resident website. Because the complaint fails to allege that defendant was aware that the "effect" of its statements would be felt in Missouri, defendant did not "purposefully direct" its statements toward Missouri.

Although it is of less importance, Missouri does have an interest in providing a forum for their resident plaintiffs, but on the other hand, all defendants in this case are non-residents of Missouri, and the only parties for whom the litigation is convenient is the plaintiffs.

All in all, because defendant has no traditional contacts with Missouri and because plaintiffs failed to alleged facts in their complaint that defendant was aware that they were

5

directing their statements to the Missouri venue so to meet the "effects test," there is no personal jurisdiction. As such, this Court will grant defendant's motion to dismiss for lack of personal jurisdiction without prejudice.

**B. Other Claims**

In its motion, defendant also requests dismissal because plaintiffs failed to state a claim of civil conspiracy and because the claimed libelous statements occurred outside the applicable statute of limitations. Given that this Court holds that dismissal is required because of lack of personal jurisdiction and that plaintiffs have now been granted leave to file a second amended complaint which may well affect the validity of these other claims, there is no need to address them now.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#11) is **GRANTED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to amend their complaint against defendant Molecular only to further address the issue of personal jurisdiction, and the failure to so amend this complaint shall result in a dismissal with prejudice.

Dated this ___19th___ day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE