UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEREK W. CORNELIUS and <br> SI03, INC. <br>       Plaintiffs, <br> v. <br> RYAN DELUCA, et al., <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:09-CV-72-SNLJ <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GASPARI NUTRITION, INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant, Gaspari Nutrition, Inc. ("Gaspari"), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6), submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Second Amended Complaint as against Gaspari.

## BACKGROUND

On October 20, 2008, Plaintiffs Derek W. Cornelius and Syntrax Innovations, Inc. [1] (collectively, "Plaintiffs") filed a Petition for Damages in the St. Louis City Circuit Court. Plaintiffs amended their petition on or about October 31, 2008. Defendants Ryan DeLuca d/b/a Bodybuilding.com, Bryna Matthews d/b/a Bodybuilding.com, and Bodybuilding.com, LLC (collectively, the "Bodybuilding Defendants"), removed the case to this Court on December 2, 2008. (Doc. # 1). Plaintiffs moved to amend their petition for the second time on August 18, 2009 ("Complaint"). (Doc. # 41, Exh. 1). Plaintiffs' motion was granted on August 19, 2009.

---

[1] SI03, Inc. was substituted for Syntrax Innovations, Inc. as the real party in interest, per order of the Court on August 19, 2009.

Plaintiffs allege in their Complaint that, among others, a representative of Gaspari, a purportedly direct competitor of Plaintiffs, posted on the forum board of an internet website, www.bodybuilding.com (the "Website"), libelous statements about Plaintiffs and nutraceutical products manufactured by Plaintiffs. (Doc. # 41, Exh. 1, ¶¶ 80-87). Based solely on three purported postings, Plaintiffs allege the following six causes of action against Gaspari: (i) violation of the Lanham Act, 15 U.S.C. § 1125(a); (ii) tortious interference with business expectancy or prospective business relationships; (iii) injurious falsehood; (iv) defamation; (v) libel; and (vi) civil conspiracy.

On April 8, 2009, the Court entered an Order to Show Cause with respect to the majority of the defendants, including Gaspari. (Doc. # 21). Despite having purportedly served the petition on a "salesperson" for Gaspari, Plaintiffs claimed in their Response to the Court's Order to Show Cause that Gaspari was served on November 12, 2008 "by serving the person in charge of its principal place of business pursuant to the Missouri Rules of Civil Procedure." (Doc. #22, Exh. 2). On August 3, 2009, Plaintiffs moved for default judgment against Gaspari. (Doc. # 28). On August 13, 2009, Gaspari filed an Opposition to Plaintiffs' Motions for Entry of Default Judgment and for Default Entry. (Doc. # 32).

## ARGUMENT

The merits of the claims aside, Plaintiffs' Complaint suffers from both procedural and substantive deficiencies. Not only have Plaintiffs failed to properly effectuate service on Gaspari, they have not made a *prima facie* showing that this Court has personal jurisdiction over Gaspari. In addition, Plaintiffs have failed to plead a claim of civil conspiracy against Gaspari upon which relief can be granted. Accordingly, Plaintiffs' Complaint as against Gaspari should be dismissed.

**A.     Plaintiffs' Complaint Against Gaspari Should Be Dismissed Under Rule 12(b)(2).**

This Court does not have personal jurisdiction over Gaspari. Gaspari does not have the requisite "minimum contacts" with the State of Missouri. Therefore, this Court should dismiss each of the claims asserted by Plaintiffs against Gaspari.

**1.     Standard for Rule 12(b)(2) Motion**

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of making a *prima facie* showing that personal jurisdiction exists. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). While the court views the evidence in the light most favorable to the plaintiff, the plaintiff must produce some evidence and cannot simply rely on conclusory allegations. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004).

To exercise personal jurisdiction over a nonresident defendant, the Court in a diversity action must determine (1) whether the defendant is subject to the forum state's long-arm statute, and (2) whether the exercise of personal jurisdiction is in accordance with the Due Process Clause of the Fourteenth Amendment. *Id.* at 1073. Because the courts construe Missouri's long-arm statute broadly enough to reach as far as the Due Process Clause will allow, the Court need only focus on the second prong of the two-part inquiry. *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000).

Due process requires that an out-of-state defendant have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Steinbuch*, 518 F.3d at 585 (internal quotations omitted). "The minimum contact inquiry focuses on whether the defendant purposely availed itself of the privilege of conducting activities within the forum state and thereby invoked the benefits and protections of its laws." *Id.* The United States Supreme Court has recognized two theories for

evaluating whether an out-of-state defendant has sufficient "minimum contacts" with the forum state such that a court in the forum state can exercise personal jurisdiction over the defendant:

> A state may exercise *general jurisdiction* if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state.  The plaintiff must make a prima facie showing, however, that the defendant's contacts were not "random," "fortuitous," or "attenuated." *Specific jurisdiction* on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.

*Id.* at 586 (emphasis added).

The Court should consider the following five factors, according the first three factors the most weight, when determining the sufficiency of the defendant's contacts:  (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the connection of the cause of action to the contacts; (4) the interest of the forum state in the litigation; and (5) the convenience or inconvenience of the parties.  *Id.*  Thus, the "minimum contacts" must be based on the act(s) of the defendant.  *1st Tech., LLC v. Digital Gaming Solutions S.A.,* 2009 WL 879463 (E.D. Mo. Mar. 30, 2009).  For example, "[a] simple awareness that the stream of commerce will sweep a product into the forum state does not satisfy the dictates of due process."  *Id.* at *3.  Similarly, the mere use of e-mail, faxes, and/or the telephone is equally insufficient.  *NP Sterling Labs, Inc. v. Emergent Indus. Solutions, Inc.*, 2009 WL 36404, * 4 (E.D. Mo. Jan. 6, 2009).

With respect to specific jurisdiction in cases involving maintenance of a website, the Eighth Circuit has adopted the analytical framework set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997).  *See Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 710-11 (8th Cir. 2003).  In *Zippo*, the court created a "sliding scale" in order to

determine whether the nature and quality of the website's commercial activity satisfied the "minimum contacts" requirement:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Zippo Mfr. Co*, 952 F.Supp. at 1124.

With respect to general jurisdiction, however, the Eighth Circuit recognized that the *Zippo* "sliding scale" should only be part of the inquiry, as the court must find that "substantial and continuous" contacts, and not simply "minimum contacts," exist. *Lakin*, 348 F.3d at 711. For example, the Eighth Circuit posited that it would be possible for the contacts associated with a website to be continuous as a result of the site's interactivity, but not substantial. *Id.* at 712. In those instances, the Court is to first apply the *Zippo* "sliding scale" and then look at the quantity of those contacts with Missouri residents. *Id.* Missouri courts have warned, however, that "[t]he mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world." *1st Tech., LLC*, 2009 WL 879463, at *4. In addition, the activity of the website's hyperlinks to third-party websites supports personal jurisdiction only if the defendant maintains some responsibility for or control over the activities and contents of those third-party sites. *Id.* at *6.

**2.     This Court does not have personal jurisdiction over Gaspari.**

Plaintiffs' Complaint fails to allege a single fact giving rise to personal jurisdiction over Gaspari. Instead, Plaintiffs plead only that "each of the defendants has transacted business within the State of Missouri and published or permitted to be published libelous statements within the State of Missouri." (Doc. # 41, Exh. 1, ¶ 24). Plaintiffs, however, may not simply rely on this conclusory allegation. *Dever*, 380 F.3d at 1073.

First, Plaintiffs have failed to establish general jurisdiction. As sworn to by Richard Gaspari, Chief Executive Officer of Gaspari, Gaspari has virtually no contacts with the State of Missouri. Gaspari, a New Jersey corporation with its principal place of business in the State of New Jersey, has no real estate, offices, equipment, bank accounts, investments, employees, representatives, or agents located in the State of Missouri. (Declaration of Richard Gaspari ("Gaspari Decl.") attached hereto, at ¶¶ 6-11). Gaspari is not registered to do business in or required to pay taxes to the State of Missouri. (*Id.* at ¶¶ 7-8). Rather, Gaspari sells its products directly to distributors and a few retail accounts, none of which is located in the State of Missouri. (*Id.* at ¶ 5). Gaspari is also not involved in any other lawsuit pending in a Missouri court. (*Id.* at ¶ 12). Thus, none of the traditional contacts establishing general jurisdiction exist and Plaintiffs have failed to plead otherwise.

Plaintiffs have equally failed in establishing specific jurisdiction. Plaintiffs rest their entire basis for personal jurisdiction on the three purported postings by an alleged representative of Gaspari on the Bodybuilding Defendants' Website, a public forum accessible to users worldwide. Significantly, Gaspari is not alleged to be the operator of the Website, but just an alleged source of postings on the Website outside Missouri. Because any interactions of Plaintiffs or other users with respect to the Website related solely to the Bodybuilding Defendants and not Gaspari, the "sliding scale" analysis in *Zippo* is of little relevance. Indeed,

courts have consistently held that the mere posting of purportedly libelous or defamatory comments or information on a website accessible to residents in the forum state is insufficient to establish personal jurisdiction.  *See, e.g., Best Van Lines v. Walker*, 490 F.3d 239 (2d Cir. 2007); *Cadle Co. v. Schlichtmann*, 123 Fed.Appx. 675 (6th Cir. 2005); *Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002); *Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002); *Sinclair v. Tubesocktedd*, 596 F.Supp.2d 128 (D.D.C. 2009).

Plaintiffs admit that neither Gaspari nor the Bodybuilding Defendants are residents of the State of Missouri.  (Doc. # 41, Exh. 1, ¶¶ 3-5, 9, 29).  Plaintiffs also do not allege that the "representative" of Gaspari who purportedly posted the comments did so while in Missouri or directed the comments specifically at Plaintiffs or other Missouri residents, rather than a national or worldwide audience.  And, nothing in the comments allegedly posted by Gaspari references Missouri.  As already recognized by this Court in this case, the defendants' allegedly libelous comments "were merely passive posts on the [Website]."  (Doc. #43, at 4).  It is these foreign postings on a foreign website that are the gravamen of the Complaint.  Certainly, Gaspari should not expect to be hauled into a Missouri court based simply on purported postings on a non-resident website.

Plaintiffs have failed to make a *prima facie* showing that Gaspari has sufficient contacts such that this Court may exercise personal jurisdiction over it without offending traditional notions of fair play and substantial justice.  Accordingly, Plaintiffs' Complaint against Gaspari should be dismissed.

**B.      Plaintiffs' Complaint Against Gaspari Should Be Dismissed Under Rule 12(b)(5).**

Plaintiffs have failed to serve Gaspari in accordance with Missouri state law or the Federal Rules of Civil Procedure, and Gaspari has not waived service of process.  Therefore, Plaintiffs' Complaint against Gaspari should be dismissed.

### 1. Standard for Rule 12(b)(5) Motion

Rule 12(b)(5) authorizes a motion to dismiss on grounds of insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint, *e.g.*, the absence of an agency relationship between the recipient of process and the defendant." *Reed v. Cent. Transp., Inc.*, 2006 WL 3803674, *1 (E.D. Mo. 2006).

Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, when no waiver of service has been obtained or filed, service upon a corporation may be properly effectuated by one of the following two ways: (1) by complying with the procedures prescribed for individuals under Fed. R. Civ. P. 4(e)(1), or (2) by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1).

At the time of the purported service attempt upon Gaspari, this case had not yet been removed to this Court and was pending in Missouri Circuit Court. Missouri Rules of Civil Procedure 54.14(b) and 54.13(b) govern service upon corporations outside the state. They allow service upon corporations to "an officer, partner, managing or general agent, or by leaving copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process." Pursuant to Section 506.510.1 of the Missouri Revised Statutes, service of process may be made upon a corporation "by serving the process upon a managing officer or any person or corporation who shall be designated as a registered agent by such corporation in any of the several states." § 506.510.1, RSMo. "Missouri law parallels the service of process procedure permitted under the second method [of Rule 4(h)] which permits

corporations to be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other authorized agent." *Reed*, 2006 WL 3803674, at *2.

### 2. Plaintiffs failed to properly effectuate service on Gaspari.

Plaintiffs failed to deliver a copy of the summons and petition to an officer, a managing or general agent, person having charge of an office, registered agent, or any other agent authorized by appointment or by law to receive service of process on behalf of Gaspari as required under Federal rules and Missouri law. As evidenced by the purported return of service, Plaintiffs simply dropped off the summons and petition addressed to Gaspari with a person named Mike Lamanna, who the return describes as a "salesperson." (Doc. #22, Exh. 2). Plaintiffs' Response to the Court's Order to Show Cause states that Gaspari was served "by serving the person in charge of its principal place of business pursuant to the Missouri Rules of Civil Procedure," but the box checked on the return of service is labeled "managing agent." (*Id.*).

Indeed, Mike Lamanna was neither a person in charge of Gaspari's principal place of business nor a managing agent. (Gaspari Decl., ¶ 13). In fact, Mike Lamanna, though no longer employed with Gaspari, was an assistant in the sales department with absolutely no managerial or decision-making authority at the time Plaintiffs purportedly delivered the summons and petition. (*Id.* at ¶¶ 13-14). Therefore, because Plaintiffs have failed to properly effectuate service on Gaspari, Plaintiffs' Complaint against Gaspari should be dismissed.

### C. Count VI of Plaintiffs' Complaint For Civil Conspiracy Should Be Dismissed Under Rule 12(b)(6).

Count VI of Plaintiffs' Complaint purports to state a cause of action for civil conspiracy among all the defendants, including Gaspari. According to Plaintiffs, thirteen separate companies got together and had a meeting of the minds to collectively defame Plaintiffs through

a series of independent website postings spread over the course of three years. Plaintiffs, however, have failed to allege each of the elements of a civil conspiracy claim and support them with specific facts. Therefore, Count VI of Plaintiffs' Complaint should be dismissed.

### 1. Standard for Rule 12(b)(6) Motion

"The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions 'which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.'" *Bootheel Ethanol Inv., L.L.C. v. Semo Ethanol Coop.*, 2009 WL 398506, *1 (E.D. Mo. Feb. 17, 2009) (quoting *Young v. St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)). "A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss brought pursuant to Rule 12(b)(6), a plaintiff is required to provide more than mere labels and conclusions. *Bell Atlantic,* 127 S.Ct. at 1964-65. A formulaic recitation of the elements of a cause of action alone is insufficient to state a claim because a blanket assertion of entitlement to relief does not provide the defendant with fair notice of the nature of the claim or the grounds on which the claim rests. *Id.* In other words, if the plaintiff has not "nudged its claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.* at 1974.

With respect to claims of civil conspiracy, "[t]he usual liberal requirements of notice pleading are not applicable." *Bootheel Ethanol Inv., L.L.C.*, 2009 WL 398506, at *5. "A mere allegation of a conspiracy without specific facts demonstrating a 'meeting of the minds' among

the conspirators fails to state a claim upon which relief can be granted." *Id.* (internal quotations omitted).

### 2. Count VI of Plaintiffs' Complaint fails to state a cause of action for civil conspiracy against Gaspari upon which relief can be granted.

Plaintiffs' conclusory legal accusations are insufficient to state a claim for civil conspiracy because, at the very least, they fail to include specific factual allegations. Count VI should, therefore, be dismissed.

Because this is a diversity case, the Court should look to Missouri law in determining whether the elements of a claim of civil conspiracy have been pleaded. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1062 (8th Cir. 2005). In order to state a claim for civil conspiracy under Missouri law, a plaintiff must plead the following: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby injured." *Id.* at 1063.

Plaintiffs have utterly failed to meet this pleading standard. Count VI does not contain a *single* specific fact demonstrating a meeting of the minds of the defendants in support of Plaintiffs' conclusory allegation that they "conspired with each other to post libelous statements" and "tortiously interfere with the reasonable business expectancies of the [P]laintiffs." (*See* Doc. # 41, Exh. 1, ¶¶ 218-224). Courts applying Missouri law have consistently held that merely alluding to a meeting of the minds is insufficient to state a claim for civil conspiracy; rather, the plaintiff must plead specific allegations of collusion to withstand a motion to dismiss. *See, e.g., Moses.com Sec., Inc.*, 406 F.3d at 1062; *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993); *Bootheel Ethanol Inv., L.L.C.*, 2009 WL 398506, at *5. In fact, in response to the motion to dismiss filed by the Bodybuilding Defendants, this Court has already held that Plaintiffs failed to

allege "that there was a 'meeting of the minds' nor any fact that would support a finding that there had been a meeting of the minds." (Doc. # 40, at 8). Therefore, Count VI of Plaintiffs' Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Gaspari Nutrition, Inc. respectfully requests that this Court dismiss Plaintiffs' Second Amended Complaint against Gaspari with prejudice.

    Respectfully Submitted,

    BRYAN CAVE LLP

    By: /s/ Kevin M. Abel
    Kevin M. Abel, #2500
    Sayler A. Ault Fleming, # 5219678
    211 North Broadway, Suite 3600
    St. Louis, MO 63102
    (314) 259-2000 (telephone)
    (314) 259-2020 (facsimile)
    kmabel@bryancave.com
    sayler.fleming@bryancave.com

    Attorneys for Defendant Gaspari Nutrition, Inc.

**CERTIFICATE OF SERVICE**

 I hereby certify that on August 24, 2009, the foregoing was filed electronically with the Clerk of Court to be served upon the following by operation of the Court's electronic filing system and by first-class U.S. mail:

Matthew A. Rosenberg, Esq.
LAW OFFICES OF MATTHEW ROSENBERG, LLC
36 Four Seasons Ctr., #116
St. Louis, MO  63017

*Attorney for Plaintiffs Derek W. Cornelius and Syntrax Innovations, Inc.*


Gary A. Pierson, II, Esq.
R. Prescott Stifton
HUSCH BLACKWELL SANDERS, LLP
720 Olive Street, 24th Floor
St. Louis, MO  63101

M. Kelly Tillery
PEPPER AND HAMILTON
18th and Arch Street
3000 Two Logan Square
Philadelphia, PA  19120

*Attorneys for Defendants Ryan Deluca, Bryna Matthews Deluca, and Bodybuilding.com, L.L.C.*


Dale M. Weppner, Esq.
Mary L. Taylor, Esq.
GREENSFELDER AND HEMKER, PC
2000 Equitable Building
10 South Broadway
St. Louis, MO  63102

Leslie Miller Greenspan, Esq.
Kim R. Jessum, Esq.
STRADLEY AND RONON, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098

*Attorneys for Defendant Molecular Nutrition, L.L.C.*

Jeffrey J. Pardo
PARDO & GAINSBURG, LLP
2 South Biscayne Boulevard
Suite 2475
Miami, FL  33131

*Attorneys for Defendant Bodywell Nutrition, Inc.*

Lawrence C. Moore, III
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC  28246

*Attorneys for Defendant ISS Research*

Edmond E. Salem
LAW OFFICES OF EDMOND E. SALEM
2001 Wilshire Boulevard, Suite 305
Santa Monica, CA  90403-5683

*Attorneys for Defendant Scientifically Advanced Nutrition*

   /s/ Kevin M. Abel